1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9   **CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**
10

| | |
|---|---|
| NEIL CORROW,                )<br><br>            Plaintiff,        )<br><br>    vs.                        )<br><br>BUREAU OF PRISONS, et al.,   )<br><br>            Defendants.       )<br>_____ ) | Case No. CV 08-5815-TJH (JWJ)<br><br>**MEMORANDUM AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT WITH PREJUDICE IN PART AND WITH LEAVE TO AMEND IN PART** |

## I.  BACKGROUND

On September 9, 2008, plaintiff Neil Corrow, a federal prisoner proceeding pro se, filed in this Court a Civil Rights Complaint under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) (hereinafter "Complaint").  This Court has screened the Complaint pursuant to 28 U.S.C. § 1915A, the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

Plaintiff alleges that defendants Federal Correctional Institute, Warden Linda Sanders, Dr. Nguyen, Counselor Cunningham, Case Worker DeBoise, and Unit Manager Johnson violated plaintiff's rights while plaintiff was incarcerated at Lompoc Federal Correctional Institute in Lompoc, California.

1   (Complaint, pp. 2-5.)  Plaintiff also names the Bureau of Prisons and Dr. Patel

2   as defendants in the caption of the Complaint.[1]  (Id. at 1.)  Plaintiff names

3   defendants Sanders, Nguyen, Cunningham, DeBoise, and Johnson in their

4   individual and official capacities.  (Id. at 3-4.)

5        Plaintiff alleges that defendants Nguyen and Sanders were responsible

6   for plaintiff's not receiving his prescribed medication.  (Id. at 5.)  Plaintiff

7   claims that he submitted requests for a longer stay at a halfway house and for

8   information about a compassionate release.  Plaintiff appears to allege that

9   defendants Deboise, Cunningham, and Johnson were responsible for not

10  accommodating plaintiff's requests.  (Id. at 5.)  Plaintiff seeks $1,000,000.00

11  in damages from each defendant, and an additional $10,000,000.00 in

12  damages from the Federal Bureau of Prisons.  (Id. at 6.)

13       For the reasons discussed below, the Complaint is dismissed with

14  prejudice in part and dismissed with leave to amend in part.

15

16                    **II.  STANDARD OF REVIEW**

17       A court may dismiss a claim upon motion of the defendants or sua

18  sponte pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to

19  state a claim upon which relief can be granted."  See Wong v. Bell, 642 F.2d

20  359, 361-62 (9th Cir. 1981).  A complaint may be dismissed for failure to state

21  a claim upon which relief can be granted if it appears beyond doubt that

22  plaintiff can prove no set of facts in support of the claim that would entitle him

23  to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229,

24  81 L. Ed. 2d 59 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct.

25

26       [1] The caption does not indicate which Bureau of Prisons the plaintiff is referring to.
    However, since plaintiff seeks damages against the Federal Bureau of Prisons
27  (Complaint, p. 6.), this Court concludes that plaintiff intends to name the Federal
    Bureau of Prisons in the caption of the Complaint.
28

99, 2 L. Ed. 2d 80 (1957)).  In reviewing a complaint under this standard, the

Court must accept as true the allegations of the complaint in question,

Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct.

1848, 48 L. Ed. 2d 338 (1976), construe the pleading in the light most

favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins

v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969).

However, the "court is not required to accept legal conclusions cast in the form

of factual allegations that cannot reasonably be drawn from the facts alleged

[citations omitted]."  Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th

Cir. 1994).

Review of a complaint for failure to state a claim is generally limited to

the contents of the complaint.  See Buckey v. City of Los Angeles, 968 F.2d

791, 794 (9th Cir.), cert. denied, 506 U.S. 999, 113 S. Ct. 599, 121 L. Ed. 2d

536 (1992).  However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss, and such material is not

"outside" the complaint if the complaint specifically refers to the document(s)

and its authenticity is not questioned.  See Branch v. Tunnell, 14 F.3d 449,

453 (9th Cir. 1994) (citations omitted), cert. denied, 512 U.S. 1219, 114 S.

Ct. 2704, 129 L. Ed. 2d 832 (1994).  The Court may also properly consider

material submitted as exhibits to the complaint, see Hal Roach Studios v.

Richard Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1990), and documents

crucial to the plaintiff's claims, but not explicitly incorporated in the

complaint.  See Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir.), cert.

denied, 525 U.S. 1001, 119 S. Ct. 510, 142 L. Ed. 2d 423 (1998) (citing

Branch v. Tunnell, 14 F.3d at 454).  The Court may properly consider matters

of public record: for example, pleadings, orders and other papers on file in

another action pending before the court, records and reports of administrative

bodies, or the legislative history of laws, rules or ordinances.  See Mack v.

South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

The complaint may be dismissed where it discloses some fact that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984). However, in a pro se civil rights case, the complaint must be construed liberally to afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. Id. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Karim-Panahi, 839 F.2d at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.  DISCUSSION

**A.    Sovereign Immunity.**

As a sovereign, the United States is immune from suit unless it expressly waives its immunity and consents to be sued. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). The United States has not waived its sovereign immunity for suits seeking money damages under Bivens. Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1984), *cert. denied*, 475 U.S. 1010 (1986). Since the United States is immune from suit, and plaintiff has made no showing that the United States has expressly waived its immunity as to any of plaintiff's claims, this Court is without subject matter jurisdiction over plaintiff's claims against the Federal Correctional Institute.

Plaintiff also names the Federal Bureau of Prisons as a defendant. (Complaint, pp. 1, 6.) A Bivens claim cannot be brought against a federal agency. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 114 S. Ct. 996, 1005-06 (1993) ("If we were to imply a damages action directly against federal

1  agencies, thereby permitting claimants to bypass qualified immunity, there

2  would be no reason for aggrieved parties to bring damages actions against

3  individual officers. . . .  [T]he deterrent effects of the <u>Bivens</u> remedy would be

4  lost.")  Thus, the Federal Bureau of Prisons is not a proper defendant to the

5  plaintiff's <u>Bivens</u> claims.

6      Plaintiff names defendants Sanders, Nguyen, Cunningham, DeBoise, and

7  Johnson in their individual and official capacities.  (Complaint, pp. 3-4.)

8  Plaintiff seeks monetary damages against them under <u>Bivens</u>, (Complaint, p.

9  6), and they are federal employees.  (<u>Id.</u> at 3-4.)  A suit against a federal officer

10  or employee in his or her official capacity, however, is a suit against the United

11  States.  <u>Gilbert v. DaGrossa</u>, 756 F.2d at 1458.  Thus, plaintiff's above official

12  capacity claims are barred by the doctrine of sovereign immunity to the extent

13  plaintiff seeks damages or other retroactive relief.

14      This Court is therefore without subject matter jurisdiction to consider

15  plaintiff's allegations against the following defendants: a) Federal Correctional

16  Institue; b) Federal Bureau of Prisons; and c) defendants Sanders, Nguyen,

17  Cunningham, DeBoise, and Johnson in their official capacities.  Accordingly,

18  the Complaint must be dismissed with prejudice as to the claims against the

19  aforementioned defendants.

20  **B.**    **Specificity of Claims and Causal Connection.**

21      A <u>Bivens</u> action states a civil rights complaint against a federal official.

22  <u>See</u> <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388, 91 S. Ct.

23  1994, 29 L. Ed. 2d 619 (1971).  To state a <u>Bivens</u> action, the plaintiff must

24  allege facts showing a person acting under color of federal authority deprived

25  the plaintiff of a right, privilege, or immunity secured by the Constitution.

26  <u>Bivens</u>, 403 U.S. at 389.  Actions under 42 U.S.C. § 1983 and those under

27  <u>Bivens</u> are identical save for the replacement of a state actor under § 1983 by a

28  federal actor under <u>Bivens</u>.  <u>See</u> <u>Van Strum v. Lawn</u>, 940 F.2d 406 (9th Cir.

1991).  Generally, law for civil rights suits brought pursuant to 42 U.S.C.
§ 1983 is incorporated in a <u>Bivens</u> action.  <u>See</u> <u>Ting v. United States</u>, 927 F.2d
1504, 1511 (9th Cir. 1991).

A successful <u>Bivens</u> claim requires that a defendant be personally
involved in the deprivation of plaintiff's constitutional rights.  <u>Tajeddini v.
Gluch</u>, 942 F. Supp. 772, 779 (D. Conn. 1996), <u>citing</u> <u>Gill v. Mooney</u>, 824
F.2d 192, 196 (2d Cir. 1987).  A plaintiff can prove such personal involvement
through evidence that: "1) the defendant participated directly in the alleged
infraction; 2) the defendant, with actual or constructive knowledge of the
violation, failed to remedy the wrong; 3) the defendant created or permitted
the policy or custom under which the unconstitutional practices occurred; 4)
the defendant was grossly negligent in managing subordinates who caused the
violations; or 5) the defendant failed to act on information indicating that the
constitutional deprivations were taking place." <u>Tajeddini v. Gluch</u>, 942 F.
Supp. at 779 (<u>citing</u> <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995).  The
doctrine of respondeat superior is inapplicable to <u>Bivens</u> actions.  <u>Terrell v.
Brewer</u>, 935 F.2d 1015, 1018 (9th Cir. 1991).

Furthermore, Rule 8(a) of the Federal Rules of Civil Procedure requires
sufficient allegations to put the defendants fairly on notice of the claims against
them.  <u>McKeever v. Block</u>, 932 F.2d 795, 797 (9th Cir. 1991).  A district court
may dismiss an action for a <u>pro se</u> party's failure to comply with Rule 8(a) if
meaningful, less drastic sanctions have been explored.  <u>Nevijel v. North Coast
Life Ins. Co.</u>, 651 F.2d 671, 674 (9th Cir. 1981).

Here, plaintiff has failed to allege sufficient facts to support a
constitutional claim against defendants Sanders, Nguyen, Cunningham,
DeBoise, Johnson, and Patel.  Plaintiff does not clearly state how these
defendants were personally involved with the deprivation of his rights.
(Complaint, pp. 3-5.)  Plaintiff fails to allege specific acts or omissions with any

degree of particularity.  (Id.)  Plaintiff does not indicate specifically how defendants Sanders and Nguyen were responsible for plaintiff's not receiving his prescribed medication.  Plaintiff also does not indicate specifically how defendants Cunningham, DeBoise, and Johnson were responsible for plaintiff's not receiving extended access to a halfway house.  Plaintiff fails to make any allegations at all against defendant Patel.  Accordingly, the Complaint must be dismissed with leave to amend as to the above named defendants to allow plaintiff an opportunity to set forth each constitutional violation, the defendants that allegedly violated that particular constitutional right, and facts supporting plaintiff's claim that each defendant directly violated that constitutional right.

## <u>ORDER</u>

For all the foregoing reasons, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.  The Complaint is **dismissed with prejudice** as to defendants Sanders, Nguyen, Cunningham, DeBoise, and Johnson in their official capacities to the extent that plaintiff seeks monetary damages from the defendants;

2.  The Complaint is **dismissed with prejudice** as to the Federal Correctional Institute and the Federal Bureau of Prisons; and

3.  The Complaint is **dismissed with leave to amend** as to defendants Sanders, Nguyen, Cunningham, DeBoise, Johnson, and Patel, in that respective individual capacities, in order to allow plaintiff to remedy the deficiencies explained above.

Plaintiff shall have **twenty-one (21) days** from the date of this Order to file a First Amended Complaint.  The First Amended Complaint must comply

with all the applicable provisions of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (codified in Sections of Titles 18, 28 and 42 U.S.C.), the Federal Rules of Civil Procedure, and the Local Rules for the Central District of California.

The First Amended Complaint must be labeled with the case number assigned to this case, and must be labeled "First Amended Complaint."  In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's First Amended Complaint complete.  Local Rule 15-2 requires that an amended complaint be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

The Court Clerk is directed to enclose with this Order two copies of the form civil rights complaint for plaintiff's use in preparing a First Amended Complaint.

Failure to file a First Amended Complaint in accordance with this Order will result in a recommendation that this action be dismissed with prejudice for

/ / /
/ / /
/ / /
/ / /
/ / /
// /
/ / /
/ / /
/ / /

failure to prosecute and/or failure to comply with this Court's order.  <u>See</u>

Fed. R. Civ. P. 41(b); <u>see also</u> <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30, 82

S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).


DATED: May 22, 2009

_____/s/_____
TERRY J. HATTER, JR.
United States District Judge

Presented by:
DATED: May 19, 2009


_____/s/_____
JEFFREY W. JOHNSON
United States Magistrate Judge